UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
DARLA ARENIVAR,
    Debtor.                                                No. 7-05-10686 SL

**MEMORANDUM OPINION ON JAMES P. ARENIVAR'S
PETITION FOR ALLOWANCE AND PAYMENT OF
<u>ADMINISTRATIVE PRIORITY EXPENSE</u>**

This matter is before the Court on James P. Arenivar's Petition for Allowance and Payment of Administrative Priority Expense (doc 26)("Application"), and the objection of the Trustee (also "Plaintiff" hereinafter) thereto (doc 29)[1]. The parties stipulated to certain facts, which are set out below. The Court has reviewed the stipulations and considered the briefs submitted, and now issues this memorandum opinion that finds that the Application should be granted.

<u>**STIPULATED FACTS**</u>

1.  Debtor filed a voluntary petition under chapter 7 on February 1, 2005.

2.  Plaintiff filed a complaint in the adversary proceeding, <u>Montoya v. James P. Arenivar</u> on November 10, 2005, and Summons was served on Defendant on November 21, 2005.

---

[1] The Court has subject matter and personal jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b); this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and these are findings of fact and conclusions of law as required by Rule 7052 F.R.B.P. This chapter 7 case was filed prior to the effective date of most of the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-08, 119 Stat. 23, and therefore the changes enacted by that legislation are not applicable to this case.

3.  Plaintiff's complaint sought to avoid transfer, a determination of the validity of ownership interest, or turnover, and to sell the estate's interest in real property located at 4900 Garnet, Las Cruces, New Mexico ("Subject property").

4.  Defendant lived in the Subject Property continuously from prior to February 1, 2005 until September 29, 2006, when he moved out.

5.  This Court held a trial on the complaint on May 11, 2006, and count one seeking to avoid transfer was dismissed.

6.  Judgment was entered for Plaintiff on August 30, 2006, granting turnover.

7.  Findings of Fact and Conclusions of Law were also entered on August 30, 2006, in which the Court concluded that the Debtor's right to 100% of the full property became property of the estate upon the filing of the petition[2].

8.  Defendant signed a quitclaim deed on September 7, 2006 and moved out of the Subject Property as of September 29, 2006.

9.  On February 1, 2005, the date of the filing of Debtor's petition, the Debtor listed the balance due on the mortgage on the Subject Property as $69,963.00.

---

[2]Upon review of the Findings and Conclusions, the Court found typographical errors in findings 9 and 10; the year referenced should be 2002, not 1992. These errors do not change anything, however.

Case 05-10686-s7    Doc 44    Filed 09/13/07    Entered 09/13/07 10:08:51 Page 2 of 10

10. On August 1, 2006, the last month that Defendant made a mortgage payment, the balance due on the mortgage was $68,325.86.

11. Upon sale of the Subject Property on November 1, 2006, the pay-off to the mortgage company was $70,479.74.

12. After costs of sale, including commissions, the net to the estate was $37,423.06.

13. The reduction in principal from February 1, 2005 to August 1, 2006 was $1,637.14.

14. Defendant filed an administrative claim (doc 26) in the amount of $12,785.59, consisting of $10,869.22 for mortgage payments, and property taxes and homeowner's insurance payments in the amount of $1,916.37.

15. Defendant also filed a general unsecured claim in the amount of $12,348.25 for one-half of the pre-petition mortgage payments, taxes and homeowner's insurance plus attorney fees.

16. Defendant did not pay any rent to the estate for the twenty months that he lived in the Subject Property from the date of the filing of the petition until September 29, 2006.

17. The Debtor valued the property at $97,000 on February 1, 2005. This value was not disputed in the Debtor's bankruptcy case.

18. The Trustee sold the property for $119,000.

19. The Trustee argued before the Court at the time of the trial on the merits on May 11, 2006 that the Trustee should be entitled to the fair rental value while the Defendant lived in the Subject Property.

20. The Trustee filed a brief in the adversary proceeding subsequent to the hearing on the merits on June 1, 2006 and argued, "the Trustee asserts that the estate is entitled to the fair rental value of the subject property."

21. The Court made no finding in regard to the Trustee's arguments mentioned above.

22. The decision entered by the Court on August 30, 2006 was not appealed.

**ADDITIONAL FINDINGS**

23. Finding of Fact 13 found that Defendant had made all mortgage payments, insurance and taxes since a refinance in 2002.

24. Finding of Fact 17 found that there had been no evidence of the total amounts paid by Defendant prepetition on the mortgage, insurance and taxes.

25. Finding of Fact 18 found that there had been no evidence of the total amounts paid by Defendant postpetition on the mortgage, insurance and taxes.

26. No evidence was presented at the adversary trial on the fair market rental value of the property.

27. No evidence was presented at the adversary trial on the fair market sale value of the property.

28. Conclusion of Law 9 stated "[f]rom the Petition Date to the entry of this Opinion, all amounts paid by Defendant for mortgage payments, insurance and taxes were actual, necessary, reasonable costs and expenses of preserving the estate. Defendant may file a request for payment of administrative expense for that amount. See 11 U.S.C. § 503(b)(1)(A)."

**DISCUSSION**

Section 503(b)(1)(A) states, in relevant part: "After notice and a hearing, there shall be allowed administrative expenses... including--the actual, necessary costs and expenses of preserving the estate." Trustee does not object to Defendant's treatment under this subsection; rather, the Trustee objects because he claims he has an offset to the administrative expense allowance for the fair rental value that accrued during Defendant's tenancy, and also objects for lack of documentation[3] (doc 29). Later Trustee also argues that instead of receiving credit for the full mortgage payments, Mr. Arenivar should be reimbursed only for principal reduction; alternatively, Trustee asks that

---

[3]Lack of documentation was not addressed any further in the briefs, so the Court will treat this objection as abandoned.

Page -5-

the Court find Mr. Arenivar liable for one-half of the mortgage payments, interest and taxes. (Doc 37).

Defendant's position is that the Trustee's objection is precluded by the Court's Findings of Fact and Conclusions of Law entered in the adversary proceeding. Defendant also seeks sanctions. (Doc 39).

Trustee replies that the Memorandum Opinion could not have precluded his objection to the Application because no amounts were proved at trial or set forth in the briefs. He also argues that the Court failed to make findings on the rent issue. Finally, he argues that Defendant would be unjustly enriched if he were allowed to live for almost two years rent free. (Doc 40).

Defendant replies that after reviewing the Findings and Conclusions he decided not to appeal the decision because he was to be awarded the mortgage payments, taxes and insurance for the Subject Property from the Petition Date until he moved. He suggests that if the Trustee were displeased with the result, he should have appealed or filed a motion to amend. (Doc 41).

The Court finds that it should apply the "Law of the Case" doctrine in this situation.

> The law of the case doctrine posits that "[w]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." <u>Arizona v. California</u>, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). "The doctrine of law of the case comes into play only

Case 05-10686-s7    Doc 44    Filed 09/13/07    Entered 09/13/07 10:08:51 Page 6 of 10

> with respect to issues previously determined." <u>Quern v. Jordan</u>, 440 U.S. 332, 347, n. 18, 99 S.Ct. 1139, 1148 n. 18, 59 L.Ed.2d 358 (1979). Furthermore, the law of the case doctrine is solely a rule of practice and not a limit on the power of the court. <u>Messinger v. Anderson</u>, 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912). <u>See also</u> <u>Major v. Benton</u>, 647 F.2d 110, 112 (10th Cir. 1981) (law of the case doctrine is not an "inexorable command" but a rule to be applied with good sense).
>   "The rule of the law of the case is a rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." <u>United States v. U.S. Smelting Ref. & Mining Co.</u>, 339 U.S. 186, 198, 70 S.Ct. 537, 544, 94 L.Ed. 750 (1950). <u>See also</u>, <u>Fox v. Mazda Corp. of America</u>, 868 F.2d 1190, 1194 (10th Cir. 1989); <u>Gage v. General Motors</u>, 796 F.2d 345, 349 (10th Cir. 1986).

<u>Mason v. Texaco, Inc.</u>, 948 F.2d 1546, 1553 (10th Cir. 1991). First, issues decided in adversary proceedings can become law of the case in the main bankruptcy case. <u>Artra Group, Inc. v. Salomon Bros. Holding Co.</u>, Not Reported in F.Supp., 1996 WL 637595, at *5 (N.D. Ill. 1996). Therefore, the issue of whether Defendant was entitled to an administrative expense has already been decided in the adversary proceeding[4]. The only issue open for argument is the amount.

At the adversary trial and in his subsequent briefs, Trustee argued for a fair rental value offset. The Court declined to make this finding in its Findings of Fact and Conclusions of Law.

---

[4] And, that decision was not dicta. Entitlement to amounts paid or a lien was raised as an affirmative defense by defendant in the answer. These issues were necessarily litigated and decided. <u>See generally</u> 18B Wright, Miller and Cooper, Fed. Prac. & Proc. Juris. 2d § 4478.

Page -7-

Case 05-10686-s7    Doc 44    Filed 09/13/07    Entered 09/13/07 10:08:51 Page 7 of 10

Generally, when a requested finding is refused, or is inconsistent with the Court's general findings, it is deemed to have been rejected by the Court. See, e.g., Switzer Bros. Inc. v. Locklin, 297 F.2d 39, 45 (7th Cir. 1961), cert. denied, 369 U.S. 851 (1962)("The trial court rejected the evidence now urged upon us, and its failure to enter findings with respect thereto is tantamount to findings adverse to appellants upon the evidence. Furthermore, the findings entered by the court imply its rejection of the argument now asserted.")(Citation omitted.) See also 9A Wright & Miller, Federal Practice & Procedure § 2579. For this reason alone, the Court can state that it is the law of the case that the rental offset was rejected.

However, this rental offset is also not consistent with the laws of co-tenancy. From the petition date to the execution of the quit claim deed in September, 2006, Defendant and Trustee were co-tenants of the Subject Property. In Olivas v. Olivas, 108 N.M. 814, 780 P.2d 640 (Ct. App. 1989) the New Mexico Court of Appeals discussed New Mexico's common law of co-tenancy:

> Husband and wife held the family home as community property during the marriage and as tenants in common after dissolution. See Phillips v. Wellborn, 89 N.M. 340, 552 P.2d 471 (1976); Hickson v. Herrmann, 77 N.M. 683, 427 P.2d 36 (1967). Although wife was the exclusive occupant of the house after the separation, ordinarily a cotenant incurs no obligation to fellow cotenants by being the exclusive occupant of the premises.
>> "[I]t is a well-settled principle of the common law that the mere occupation by a tenant of the entire estate does not render him liable to his

Page -8-

> co-tenant for the use and occupation of any part
> of the common property. The reason is easily
> found. The right of each to occupy the premises
> is one of the incidents of a tenancy in common.
> Neither tenant can lawfully exclude the other.
> The occupation of one, so long as he does not
> exclude the other, is but the exercise of a legal
> right. If, for any reason, one does not choose to
> assert the right of common enjoyment, the other is
> not obliged to stay out; and if the sole
> occupation of one could render him liable therefor
> to the other, his legal right to the occupation
> would be dependent upon the caprice or indolence
> of his co-tenant, and this the law would not
> tolerate."
>
> Williams v. Sinclair Refining Co., 39 N.M. 388, 392, 47
> P.2d 910, 912 (1935) (quoting Hamby v. Wall, 48 Ark.
> 135, 137, 2 S.W. 705, 706 (1887)).

See also Trujillo v. Lopez (Estate of Lopez), 106 N.M. 157, 160, 740 P.2d 707, 711 (Ct. App. 1987)("Mere occupation does not render a tenant liable to his co-tenant for use and occupation of the property, as each has the right to occupy the premises, but neither tenant can lawfully exclude the other.") Therefore, as long as Defendant was on the deed, he had an equal right with the Trustee to occupy the premises rent free. This result also addresses Trustee's argument that Defendant is unjustly enriched by living rent free; it is not unjust enrichment to use what one is entitled to use.

Trustee's only other significant argument is that Defendant should be credited only with principal reductions, not the interest component of the mortgage payments. First, the law of the case established that Defendant was entitled to mortgage payments, not just principal. Secondly, the interest component

Case 05-10686-s7    Doc 44    Filed 09/13/07    Entered 09/13/07 10:08:51 Page 9 of 10

benefitted the estate just as much as the principal payments did. Had Defendant not made the interest payments, the mortgage would have defaulted and the mortgage company would have foreclosed on the property.

Finally, the Court does not believe that Trustee's objection to the Application is sanctionable. The resolution of the objection required consideration of various legal theories and was not obvious, and there was no evidence that the Trustee acted in anything but good faith.

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

copies to:

Bonnie Bassan Gandarilla
Moore, Berkson & Gandarilla, P.C.
PO Box 216
Albuquerque, NM 87103-0216

R Trey Arvizu, III
PO Box 1479
Las Cruces, NM 88004-1479